CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 06 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CURTIS J. BROWN, | ) | CASE NO. 7:14CV00370 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| GERALD MCPEAK, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Curtis J. Brown, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. His complaint as amended alleges that while he was incarcerated at the New River Valley Regional Jail, the defendant jail officials failed to provide him with mental health treatment for his diagnosed Post Traumatic Stress Disorder. As Brown seeks only declaratory and injunctive relief and has now been transferred, his claims are moot. Therefore, the court concludes that the action must be summarily dismissed without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. If developments occur during the course of a case which render the court unable to grant a party the relief requested, the claims must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir.1996). The transfer or release of a prisoner generally renders moot any claims for injunctive or declaratory relief relating to the former place of

---

[1] The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

confinement. See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991) (finding prisoner's transfer rendered moot his claims for injunctive and declaratory relief); Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief).

Brown alleges that while he was incarcerated at the jail for over a year, he notified the defendants of his mental health problems and asked repeatedly to see the psychiatrist about medication. The defendants placed Brown on a list to consult with a psychiatric nurse practitioner, but five months passed before this appointment occurred in November 2013. Brown told this professional of his PTSD diagnosis and other mental health problems he was experiencing, and she told him he would soon have an appointment with a psychiatrist regarding possible medication. Brown waited eight more months and then was provided another consultation with the nurse practitioner on July 17, 2014. She said she would run tests to decide which medications were appropriate. Frustrated, Brown filed this § 1983 action, seeking better mental health treatment at the jail and asking to recover his costs for the lawsuit. In mid-August, Brown filed an amended complaint, raising the same claims concerning delays in access to mental health care and seeking similar declaratory and injunctive relief against jail officials. He also added a separate claim about being denied access to the jail's law library.

On September 30, 2014, however, Brown notified the court that he had been transferred to Bland Correctional Center. As the defendants named in this action no longer have any authority to evaluate and provide treatment for Brown's mental health needs or his legal research needs, his claims for declaratory and injunctive relief against them are moot. Because the court

2

can no longer grant the relief he seeks, the complaint will be dismissed without prejudice, pursuant to § 1915A(b)(1). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 6th day of October, 2014.

*/s/ Glen Conrad*
Chief United States District Judge